IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

           v.                                16-CR-6021 FPG

FAYCAL TAOUZINET

           Defendant.

## PLEA AGREEMENT

The defendant, FAYCAL TAOUZINET, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

## I.   THE PLEA AND POSSIBLE SENTENCE

1.   The defendant agrees to plead guilty to Count 3 of the Indictment charging a violation of Title 18, United States Code, Section 2252A(a)(2)(A) (attempted receipt of child pornography), for which the mandatory minimum term of imprisonment is 5 years and the maximum possible sentence is a term of imprisonment of 20 years, a fine of $250,000, a $100 special assessment and a term of supervised release of at least 5 years and up to life.  The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2.     The defendant understands that, unless the defendant is indigent, the Court must impose a special assessment of $5,000 for the offense of conviction pursuant to Title 18, United States Code, Section 3014.

3.     The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 3 years, without credit for time previously served on supervised release and if the defendant commits any criminal offense under Chapter 109A, 110 or 117, or Sections 1201 or 1591 of Title 18, United States Code, for which imprisonment for a term longer than 1 year can be imposed, the defendant shall be sentenced to a term of imprisonment of not less than 5 years and up to life. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in Paragraph 1 of this agreement.

4.     The defendant has been advised and understands that under the Sex Offender Registration and Notification Act, the defendant must register and keep registration current in all of the following jurisdictions: where the defendant resides; where the defendant is employed; and where the defendant is a student. The defendant understands the requirements for registration include providing the defendant's name, residence address, and the names and addresses of any places where the defendant is or will be an employee or student, among other information. The defendant further understands that the requirement to keep the registration

-2-

current includes informing at least one jurisdiction in which the defendant resides, is an employee, or is a student, not later than three (3) business days after, any change of the defendant's name, residence, employment, or student status. The defendant has been advised and understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, Title 18, United States Code, Section 2250, which is punishable by imprisonment, a fine, or both.

5.      The defendant acknowledges that a conviction in this action may result in the defendant's civil commitment pursuant to Title 18, United States Code, Section 4248 as a sexually dangerous person. The defendant understands that a determination as to whether the defendant will be subject to civil commitment will be made initially by the Attorney General or the Director of the Bureau of Prisons at the conclusion of the defendant's term of imprisonment and that the Court will make the final determination in a separate proceeding.

6.      The defendant acknowledges that pursuant to Title 18, United States Code, Section 2259, the Court must order restitution for the full amount of the compensable losses of the victim as determined by the Court. The defendant understands that defendant will not be entitled to withdraw the plea of guilty based upon any restitution amount ordered by the Court.

## II.   ELEMENTS AND FACTUAL BASIS

7.   The defendant understands the nature of the offense set forth in paragraph 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

a.   The defendant knowingly received an image of child pornography;

b.   The image of child pornography had been shipped and transported in or affecting interstate or foreign commerce using any means or facility of interstate or foreign commerce; and

c.   At the time the defendant received the image, he believed what he received constituted child pornography.

## FACTUAL BASIS

8.   The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

a.   Between December 2014 and February, 2015, in the Western District of New York, and elsewhere, the defendant, FAYCAL TAOUZINET, who is approximately 26 years of age, knowingly used a means and facility of interstate commerce, specifically, the Internet and a smart phone, to knowingly persuade, induce, entice and coerce a female minor, under the age of 18, to engage in any sexual activity for which any person could be charged. Specifically, the defendant, FAYCAL TAOUZINET, engaged in sexually explicit chats with the female who was less than 14 years of age, using, among other means, the Internet and a smart phone, and an application known as Pinger, and persuaded and induced the minor to engage in sexual intercourse with him. Sexual intercourse between a 28-year-old and a 14-year-old is chargeable as Rape in the Second Degree in the State of New York pursuant to New York State Penal Law § 130.30(1). TAOUZINET further induced the minor to send sexually explicit images of herself to him using a smart phone and the Internet. TAOUZINET knowingly received at least one sexually explicit image of the minor through use of a smart phone. TL

*[handwritten margin notes: F.T / J.M It / minor female under the age of]*

b. On or about June 15, 2015, the defendant, FAYCAL TAOUZINET, again contacted the minor using the application known as Pinger and began engaging in conversation with the minor to include sexually explicit chats. FAYCAL TAOUZSINET attempted to meet the minor in the Western District of New York with the intent to take the minor elsewhere to engage in sexual activity on or about June 22, 2015.

## III.   SENTENCING GUIDELINES

9. The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

10. Pursuant to Sentencing Guidelines § 1B1.2(a), the government and the defendant agree that the defendant's sentencing range for imprisonment and a fine shall be determined as if the defendant was convicted of a violation of Title 18, United States Code, Section 2251(a).

## BASE OFFENSE LEVEL

11. The government and the defendant agree that Guidelines § 2G2.1(a) applies to the offense of conviction and provides for a base offense level of 32.

## SPECIFIC OFFENSE CHARACTERISTICS
## U.S.S.G. CHAPTER 2 ADJUSTMENTS

12. The government and the defendant agree that the following specific offense characteristic do apply:

-5-

a.    The **two-level** increase pursuant to Guidelines § 2G2.1(b)(1(B) (minor between the age of 12 and 16);

b.    The **two-level** increase pursuant to Guidelines § 2G2.1(b)(2)(A) (commission of sex act); and

c.    The **two-level** increase pursuant to Guidelines § 2G2.1(b)(6) (offense involved use of a computer).

## ADJUSTED OFFENSE LEVEL

13.    Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction is 38.

## ACCEPTANCE OF RESPONSIBILITY

14.    At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level downward adjustment of Guidelines § 3E1.1(b), which would result in a **total offense level of 35.**

## CRIMINAL HISTORY CATEGORY

15.    It is the understanding of the government and the defendant that the defendant's criminal history category is I. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the

defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

16.     It is the understanding of the government and the defendant that, with a total offense level of 35 and criminal history category of I, the defendant's sentencing range would be a term of imprisonment of **168 to 210 months**, a fine of $20,000 to $200,000, and a period of supervised release of 5 years to life. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in paragraph 1 of this agreement.

17.     The government and the defendant agree to the Sentencing Guidelines calculations set forth in this agreement and neither party will advocate or recommend the application of any other Guideline, or move for any Guidelines departure, or move for or recommend a sentence outside the Guidelines, except as specifically set forth in this agreement. A breach of this paragraph by one party will relieve the other party of any agreements made in this plea agreement with respect to sentencing motions and recommendations. A breach of this paragraph by the defendant shall also relieve the government from any agreements to dismiss or not pursue additional charges.

-7-

18.     The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

## IV.     STATUTE OF LIMITATIONS

19.     In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any other criminal offense involving or related to the enticement of a minor and the production and receipt of child pornography which is not time barred as of the date of this agreement.  This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V.     GOVERNMENT RIGHTS AND RESERVATIONS

20.     The defendant understands that the government has reserved the right to:

a.      provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

-8-

b.      respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c.      advocate for a specific sentence consistent with the terms of this agreement including the amount of restitution and/or a fine and the method of payment; and

d.      modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor.

21.     At sentencing, the government will move to dismiss the open counts of the Indictment in this action pending against the defendant under Docket No. 16-CR-6021.

22.     The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VI.   APPEAL RIGHTS

23.     The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ **16** above, notwithstanding the manner

in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

24.     The defendant understands that by agreeing to not collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

25.     The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ **16**, above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VII.   FORFEITURE PROVISIONS
## COMPUTERS

26.     As a result of his conviction for the foregoing offense alleged in Count 1 of the Information, the defendant agrees to criminally forfeit to the United States pursuant to Title 18, United States Code, Section 2253 any and all property, real and personal, used or intended to be used to commit or to promote the commission of such offense, including but not limited to the following:

AT&T HTC Model OPFH100 with a S/N FA4BBY803992

which was seized by law enforcement officials based upon the execution of a search warrant.

27.     The defendant also agrees that the property listed above is properly forfeitable
to the United States pursuant to Title 18, United States Code, Section 2253(a). The defendant
further agrees to fully assist the government in the forfeiture of the aforementioned property
and to take whatever steps are necessary to pass clear title to the United States, including, but
not limited to surrender of title and execution of any documents necessary to transfer the
defendant's interest in any of the above property to the United States, as deemed necessary
by the government.

28.     After the acceptance of the defendant's guilty plea, and pursuant to Rule
32.2(b)(2) of the Federal Rules of Criminal Procedure, the government will request a
Preliminary Order of Forfeiture covering the item listed above. The defendant hereby waives
any right to notice of such Preliminary Order of Forfeiture. The defendant further consents
and agrees that the Order of Forfeiture shall become final as to the defendant prior to
sentencing and agrees that it shall be made part of the defendant's sentence and included in
the Judgment pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure.

29.     The defendant agrees to the entry of an Order of Forfeiture for the
aforementioned property and waives the requirements of Federal Rules of Criminal
Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument,
announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the

-11-

judgment. Defendant acknowledges that he understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

30. The defendant agrees that forfeiture of the aforementioned property as set forth in this agreement shall not be deemed an alteration of the defendant's sentence. Forfeiture of the defendant's property shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

31. The defendant knowingly, intelligently, and voluntarily waives his right to a jury trial on the forfeiture of the assets and imposition of a civil penalty. The defendant knowingly, intelligently, and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture in any proceeding, including any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, as to this criminal proceeding or any related civil or administrative proceeding. The defendant further agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine regarding the forfeiture of assets by the United States.

32. The defendant further waives any right to appeal or collaterally attack any matter in connection with the forfeiture of the item as provided in this agreement.

## VIII.  TOTAL AGREEMENT AND AFFIRMATIONS

33.    This plea agreement represents the total agreement between the defendant, **FAYCAL TAOUZINET**, and the government.  There are no promises made by anyone other than those contained in this agreement.  This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

WILLIAM J. HOCHUL, JR.
United States Attorney
Western District of New York

BY:    _____
TIFFANY H. LEE
Assistant United States Attorney
Dated:  November 4, 2016

I have read this agreement, which consists of 13 pages.  I have had a full opportunity to discuss this agreement with my attorney, Jason M. Housel, Esq.  I agree that it represents the total agreement reached between myself and the government.   No promises or representations have been made to me other than what is contained in this agreement.  I understand all of the consequences of my plea of guilty.  I fully agree with the contents of this agreement.  I am signing this agreement voluntarily and of my own free will.

_____
FAYCAL TAOUZINET
Defendant
Dated:  November 1, 2016

_____
JASON M. HOUSEL, ESQ.
Attorney for the Defendant
Dated:  November 4, 2016

-13-